UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ALBA BORRELLI,

        Plaintiff,

v.

ORANGE REGIONAL MEDICAL
CENTER, LAUREN CARBERRY, and
ROBIN BRENNAN-SEIBEL,

        Defendants.
--------------------------------------------------------------x

**OPINION AND ORDER**

18 CV 270 (VB)

Briccetti, J.:

    Plaintiff Alba Borrelli brings this action alleging defendants Orange Regional Medical Center ("ORMC"), Lauren Carberry, and Robin Brennan-Seibel violated her rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., The Civil Rights Act of 1866 ("Section 1981"), 42 U.S.C. § 1981, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq.

    Now pending is defendants' motion to strike certain matter from the amended complaint pursuant to Rule 12(f). (Doc. #14).

    For the reasons set forth below, the motion is DENIED.

    The Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

    For the purpose of deciding the pending motion, the Court accepts all factual allegations in the amended complaint as true and draws all reasonable inferences in plaintiff's favor, as summarized below.

    Plaintiff was born in Panama and is "of dark skin color." (Am. Compl.¶ 9). Plaintiff began working in ORMC's emergency department as a registered nurse in 2011. Approximately

1

fifteen nurses were hired around the same time as plaintiff, but plaintiff was the only "Afro-American" new hire. (Am. Compl. ¶ 10). Additionally, plaintiff was the only "Afro-American" employed as a nurse in the ORMC emergency department. (Am. Compl. ¶ 15).

According to plaintiff, caucasian nurses at ORMC received privileges and promotions that nurses of other races and national origins did not receive. Further, plaintiff alleges "Afro-American" employees at ORMC were disciplined and terminated based on the unsubstantiated allegations of caucasian peers. (Am. Compl. ¶ 21).

Plaintiff alleges that during her employment at ORMC she was subjected to unlawful discrimination in the form of unwarranted disciplinary action. The discrimination increased when defendant Robin Brennan-Seibel was hired to manage the emergency department. Plaintiff alleges that between November 2016 and May 2017[1] she was suspended without regular pay three times due to discriminatory bias, rather than legitimate concerns over her performance.

On approximately May 7, 2017, plaintiff emailed ORMC's Chief Executive Officer Scott Batulis, to complain about the "constant harassment and discrimination" she experienced. (Am. Compl. ¶ 61). Defendant Lauren Carberry, an ORMC human resources employee, conducted an investigation, and determined plaintiff's "allegations were unfounded." (Am. Compl. ¶ 63).

On May 10, 2017, plaintiff was terminated.

In support of her claims, plaintiff alleges several other "Afro-American" ORMC employees were terminated on discriminatory grounds: Karidis Tubo, Clara Ike, Cindy Davis, Janet Lee, L. Smyth, and Shirlette Stewart. (Am. Compl. ¶ 13). Further, plaintiff alleges ORMC managing nurse Cathy Fogerty was terminated due to her support for minority employees.

---

[1] In view of plaintiff's May 10, 2017, termination from ORMC, the Court assumes the allegation that plaintiff was suspended three times between November 2016 and "May 2018" is a typographical error. (Am. Compl. ¶ 38).

2

**DISCUSSION**

Defendants move to strike as impertinent and immaterial certain paragraphs of the amended complaint, all of which reference ORMC's treatment of employees other than plaintiff.

Defendants argue plaintiff's allegations regarding ORMC's treatment of former employees Karidis Tubo and Shirlette Stewart are immaterial, because both individuals previously filed unsuccessful employment discrimination lawsuits against ORMC. Defendants further argue that as an individual, rather than a member of a class, plaintiff cannot maintain a discrimination claim based on a "pattern or practice" disparate treatment theory, and any allegation of "institutional bias" thus "serves no function." (Defs. Br. at 6).

The Court disagrees.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In deciding whether to strike immaterial matter, "it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible." Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976). "Evidentiary questions . . . should especially be avoided at such a preliminary stage of the proceedings." Id. Conversely, "[i]f the evidence to be offered in support of the allegation would be inadmissible at trial, then the motion to strike that allegation should be granted." Lehman Bros. Commercial Corp. v. China Int'l United Petroleum & Chems. Co., 1995 WL 380106, at *2 (S.D.N.Y. June 26, 1995) (citing Lipsky v. Commonwealth United Corp., 551 F.2d at 893); see also, e.g., Major League Baseball Props., Inc. v. Opening Day Prods., Inc., 1997 WL 525482, at *6–7 (S.D.N.Y. Aug. 22, 1997) (striking privileged attorney-client information from counterclaim); Kelly v. L.L. Cool J., 145 F.R.D. 32,

40 (S.D.N.Y. 1992) (striking sections of complaint containing statements made in settlement negotiations as inadmissible under Fed. R. Evid. 408).

District courts have discretion in resolving Rule 12(f) motions. See, e.g., In re Platinum & Palladium Commodities Litig., 828 F. Supp. 2d 588, 593 (S.D.N.Y. 2011).

Here, defendants seek to strike allegations regarding ORMC's discriminatory treatment of nonparties, evidence of which is "neither per se admissible nor per se inadmissible." Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 381 (2008). "[D]istrict courts must engage in a 'fact-intensive, context-specific inquiry' to determine whether to exclude such evidence under Rule 403." Henry v. Wyeth Pharm., Inc., 616 F.3d 134, 151 (2d Cir. 2010) (quoting Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. at 388). Thus, evidence of other acts of discrimination by ORMC may be admissible to show discriminatory animus toward plaintiff. See, e.g., Mugavero v. Arms Acres, Inc., 2009 WL 1904548, at *8 (S.D.N.Y. July 1, 2009) (collecting cases).

If Tubo and Stewart's claims previously were adjudicated in ORMC's favor, defendants are correct that evidence in support of plaintiff's allegations regarding ORMC's treatment of Tubo and Stewart may be unfairly prejudicial, and of limited probative value. However, defendants must show that "no evidence in support" of plaintiff's allegations would be admissible. Lipsky v. Commonwealth United Corp., 551 F.2d at 893. At this early stage, the Court cannot conclude they have done so.

Accordingly, defendants' motion is DENIED.

## CONCLUSION

Defendants' motion to strike is DENIED.

The Clerk is instructed to terminate the pending motion. (Doc. #14).

Dated: May 23, 2018
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge